[Cite as *State v. Johnson*, 2017-Ohio-111.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 16 CAA 100045, |
| BRIAN A. JOHNSON | 16 CAA 100046 |
| | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Delaware County Court of Common Pleas, Case No. 14-CR-I-01-0019 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | January 10, 2017 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| CAROL O'BRIEN<br>Delaware County Prosecuting Attorney | BRIAN A. JOHNSON, PRO SE<br>Chillicothe Correctional Institution<br>P.O. Box 5500<br>Chillicothe, Ohio 45601 |
| JAHAN KARAMALI<br>Assistant Prosecuting Attorney<br>140 N. Sandusky St., 3rd Floor<br>Delaware, Ohio 43015 | |

*Hoffman, J.*

{¶1} Defendant-appellant Brian Johnson appeals the October 4, 2016 Judgment Entry entered by the Delaware County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE[1]

{¶2} This case has a lengthy procedural history.

{¶3} On January 17, 2014, the Delaware County Grand Jury indicted Appellant, Brian Johnson, on four counts of rape in violation of R.C. 2907.02 and four counts of sexual battery in violation of R.C. 2907.03.

{¶4} A jury trial commenced on May 20, 2014. Four of the counts were amended to attempted offenses and Appellant was found guilty as charged. By judgment entry filed July 8, 2014, the trial court merged some of the offenses and sentenced Appellant to an aggregate term of fourteen years in prison.

{¶5} Appellant filed a direct appeal and this court affirmed his convictions and sentence. *State v. Johnson,* 5th Dist. Delaware No. 14CAA070039, 2015–Ohio–1676, *appeal not accepted,* 43 Ohio St .3d 1501, 2015–Ohio–4468. Appellant applied to reopen his appeal which the Supreme Court of Ohio declined to review on March 23, 2016. *State v. Johnson,* 145 Ohio St.3d 1425, 2016–Ohio–1173.

{¶6} On February 26, 2015, Appellant filed a petition for post-conviction relief focusing on ineffective assistance of counsel. By a thorough and lengthy judgment entry filed March 12, 2015, the trial court denied the petition without a hearing. Appellant filed

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

an appeal which this court dismissed for unauthorized practice of law. *State v. Johnson,* 5th Dist. Delaware No. 15 CAA 03 0027.

{¶7} On October 21, 2015, Appellant filed another petition for post-conviction relief which the trial court denied the next day as a successive petition not meeting the requirements of R.C. 2953.23(A)(1). Appellant filed an appeal and this court affirmed the trial court's decision. *State v. Johnson,* 5th Dist. Delaware No. 15 CAA 11 0092, 2016–Ohio–1213, *appeal not accepted,* 146 Ohio St.3d 1471, 2016–Ohio–5108.

{¶8} On November 25, 2015, Appellant moved for appointment of counsel which the trial court denied on November 30, 2015. Appellant filed an appeal which this court dismissed for want of prosecution. *State v. Johnson,* 5th Dist. Delaware No. 15 CAA 12 0096.

{¶9} On March 3, 2016, Appellant filed a motion for resentencing which the trial court denied on the same day. Appellant filed an appeal and this court affirmed the trial court's decision, but remanded the matter to the trial court to issue a nunc pro tunc sentencing entry stating the rape sentences are mandatory. *State v. Johnson,* 5th Dist. Delaware No. 16CAA030011, 2016–Ohio–4617. Appellant did not appeal to the Supreme Court of Ohio. Instead, Appellant filed a motion for reconsideration which this court denied on October 20, 2016.

{¶10} On June 24, 2016, the trial court issued a nunc pro tunc judgment entry as directed by this court.

{¶11} On July 21, 2016, Appellant filed a second motion for resentencing which the trial court denied on July 22, 2016. Appellant filed an appeal from the entry in Fifth District Case No. 2016CAA08033.

**{¶12}** On August 23, 2016, Appellant filed a motion to strike the June 24, 2016 nunc pro tunc correction of the sentencing entry for lack of subject matter jurisdiction and fraud upon the court.

**{¶13}** On the same date, Appellant filed a third motion for resentencing based on the unconstitutionality of statute, rendering the judgment void and voidable.

**{¶14}** The trial court denied the motion for resentencing and the motion to strike on August 23, 2016. Appellant filed an appeal to this Court in Case No. 2016CAA080037.

**{¶15}** On October 3, 2016, Appellant filed a first motion for relief from judgment or order pursuant to Ohio Civil Rule 60(B). The trial court denied the motion via Judgment Entry of October 4, 2016.

**{¶16}** On October 12, 2016, Appellant filed a second motion for relief from judgment or order pursuant to Ohio Civil Rule 60(B). The motion was denied via Judgment Entry of October 13, 2016.

**{¶17}** In Appellate Number 16CAA100045, Appellant filed an appeal from the October 4, 2016 judgment entry denying his first motion for relief from judgment or order pursuant to Ohio Civil Rule 60(B).

**{¶18}** In Appellate Number 16CAA100046, Appellant filed an appeal from the October 13, 2016 Judgment Entry.

**{¶19}** Both appeals were assigned to this Court's accelerated calendar. Pursuant to Ohio Appellate Rule 11.1(E),

> (E) Determination and Judgment on Appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance

with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form. (See Form 3, Appendix of Forms.)

Ohio App. R. 11.1

{¶20} In Case No. 16CAA100045, Appellant assigns as error,

DEFENDANT-APPELLANT'S FUNDAMENTAL & SUBSTANTIAL RIGHT TO A FAIR TRIAL UNDER EQUAL PROTECTION, SUBSTANTIVE AND PROCEDURAL DUE PROCESS OF THE LAW, GUARANTEED BY THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION; ARTICLE I, SECTION 2 & 16 OF THE OHIO CONSTITUTION, WAS VIOLATED; WHEN THE TRIAL COURT FAILED TO COMPLY WITH STATUTORY PRIVISIONS [SIC], CONTRARY TO OHIO EVID. R. 104(A); EVID. R. 601(A); R.C. 2317.01; THEREBY, FAILING TO SUA SPONTE CHECK THE COMPETENCY OF A PRESUMED MENTALLY INCOMPETENT & DISABLED ALLEGED VICTIM WITNESS PRIOR TO RECEIVING HER TESTIMONY AT TRIAL; THEREFORE, THE COURT LACKED THE JURISDICITON TO RECEIVE THE TESTIMONY, RENDERING IT INADMISSIBLE AND APPELLANT'S CONVICTION VOID AB INITIO; THUS, RESULTING IN FRAUD UPON THE COURT,

MANIFEST, PLAIN PREJUDICIAL ERROR & A MISCARRIAGE OF JUSTICE.

**{¶21}** In Case No. 2016CAA100046, Appellant assigns as error,

DEFENDANT-APPELLANT'S FUNDAMENTAL & SUBSTANTIAL RIGHT TO A [SIC] IMPARTIAL JURY AND FAIR TRIAL UNDER EQUAL PROTECTION, SUBSTANTIVE AND PROCEDURAL DUE PROCESS OF THE LAW, GUARANTEED BY THE 6TH & 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION; WAS VIOLATED; WHEN THE TRIAL COURT FAILED TO SUA SPONTE VOIR DIRE THE JURY ON THE BASIS OF RACIAL PREJUDICE OR BIAS, RESULTING IN PLAIN PREJUDICIAL ERROR & A MISCARRIAGE OF JUSTICE.

**{¶22}** Upon review of Appellant's arguments, Appellant's complained of errors do not result in the trial court's lack of jurisdiction, nor do the alleged errors render Appellant's convictions void. Therefore, we find Appellant's arguments barred under the doctrine of res judicata, as the issues were raised or capable of being raised on direct appeal.

{¶23} The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Hoffman, J.

Farmer, P.J.  and

Delaney, J. concur